IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv382
(3:05cr391)


| | | |
|---|---|---|
| ARTHUR T. McILWAINE, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATED OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 filed on August 20, 2008 (Doc. No. 1); the Government's Response and Motion for Summary Judgment filed February 20, 2009 (Doc. No. 13); and Petitioner's Affidavit filed on March 27, 2009 (Doc. No. 15.)     For the reasons stated below, Petitioner's Motion to Vacate will be denied and dismissed.

## I. PROCEDURAL HISTORY

On November 15, 2005, Petitioner and six others were named in a three-count Bill of Indictment.  (Case No. 3:05cr391, Doc. No. 1: Bill of Indictment.)  Specifically, Petitioner was charged with conspiracy to possess with intent to distribute over 5 kilograms of cocaine and over 50 grams of crack; possession of over 5 grams of crack; and feloniously possessing a gun.  Petitioner remained out on bond and cooperated.  On November 22, 2006, one year after his indictment, Petitioner entered into a plea agreement.  (Case No. 3:05cr 391, Doc. No. 72: Plea Agreement.)  Pursuant to that agreement, Petitioner agreed to plead to the conspiracy count and the Government

agreed to dismiss the remaining two counts. Petitioner also agreed that "the Court may consider any dismissed count . . . as 'relevant conduct.;'" that he would receive a two-level enhancement for possession of a gun; and that the amount of crack foreseeable to him was at least 50 grams. (Id. ¶¶ 3, 7(a) and (b).)Petitioner also agreed to waive his right to appeal or collaterally attack his conviction and sentence except for claims of ineffective assistance of counsel and prosecutorial misconduct. (Id. ¶ 20.)

On December 6, 2006, Petitioner appeared with counsel before the magistrate judge for a Plea and Rule 11 Hearing. (Case No. 3:05cr391, Doc. No. 75: Entry and Acceptance of Guilty Plea Form.) At that hearing, the magistrate judge placed Petitioner under oath and then engaged him in a standard lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. (Id.) During that hearing, in response to the magistrate judge's question as to whether Petitioner was satisfied with the services of his attorney, Petitioner responded yes, "he's a good guy." (Id.) The Court found that Petitioner's plea was knowingly and voluntarily entered and made and accepted his guilty plea. (Id.)

In preparation for the sentencing hearing, the Probation Officer prepared a presentence report ("PSR".) The Probation Officer recommended a base offense level of 34 plus a two-level enhancement for possession a gun and a three level adjustment for acceptance of responsibility which yielded a total offense level of 33 with a corresponding sentencing range of 210-262 months. The statutory minimum was ten years.

On January 16, 2008, Petitioner appeared before the Court for a sentencing hearing. Prior to the sentencing hearing, the Government filed a motion for a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines and Title 18 U.S.C. § 3553(e) based on Petitioner's

substantial assistance. (Case No. 3:05cr91, Doc. No. 98: Motion for Downward Departure.) The Court granted the Government's motion and sentenced Petitioner to 130 months. (Case No. 3:05cr391, Doc. No. 100: Judgment.)

Judgment was entered on January 22, 2008. (Id). Petitioner did not file an appeal. Instead, on August 20, 2008, Petitioner filed the instant Motion to Vacate alleging that his counsel was ineffective for: (1) failing to file a motion to suppress; (2) failing to discuss the fact that the gun could be used against him even though the gun count was dismissed; (3) failing to challenge the drug amount in the PSR; (4) failing to challenge the criminal history reported in the PSR; and (5) failing to contest the Government's recommended 130 month sentence based on his substantial assistance.

## II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the court must direct the government to respond. Id. The court must then review the government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). Following such review, it is clear to the Court that Petitioner is entitled to no relief on his claims; thus a hearing is not required. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984).

In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Critically, because some of Petitioner's claims are attempting to challenge issues at sentencing, in order to demonstrate an entitlement to relief on those, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999). As to Petitioner's claim regarding pre-sentencing issues, the Court will use the appropriate standard for establishing prejudice in the plea context. In that instance, a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297 (quoting Hill v.

Lockhart, 474 U.S. 52, 59 (1985) (internal citations and quotations omitted).

Petitioner contends that his counsel was ineffective for failing to file a motion to suppress. Although Petitioner's claim is not completely clear, it appears that Petitioner is claiming that his counsel should have filed a motion to suppress statements he made to law enforcement at and around the time of his arrest, which was about a year prior to his indictment. According to Petitioner's counsel's affidavit, he recounts that the police obtained and executed a search warrant on Petitioner's home on January 7, 2005. At that time, they recovered a gun and some crack. Petitioner executed a Miranda waiver and spoke to the police about his drug dealings, naming many of his sources. Specifically, Petitioner admitted to getting cocaine from a person named "Gilberto," including one 18 ounce cocaine deal; selling Tyran Hicks "a few ounces in the past", regularly selling 4 ½ ounces of cocaine a piece to a pair of brothers named Pat and Ty Caldwell for about 4-5 months; selling cocaine to a guy named Ali"; receiving cocaine from people in Florida, including a person named "Pepe"; being involved with his brother Willie Glen in the purchasing of ½ kilogram of cocaine every two weeks, over the span of 6 to 12 months from persons in Florida; selling cocaine "to several different dope heads"; and having heard that Vernon Barber "was involved in cocaine." (Doc. No. 15: Henderson Hill Aff. ¶ 3.) Several days later, with the assistance of attorney Barry Storick, Petitioner agreed to talk to the police and provided additional information. (Id. ¶ 6.) Petitioner provided an affidavit from Barry Storick, the attorney who was representing him at that time, stating that although it was his understanding that Petitioner would be granted some type of immunity if he cooperated, there was no written agreement providing Petitioner with immunity. (Doc. No. 15: Barry Storick Affidavit ¶ 8.) Petitioner then agreed to "work" with the government in order to help himself. In November 2005, approximately eleven months after the search of his home, Petitioner

was named in the instant Bill of Indictment. Approximately two months later, Petitioner was arrested. Petitioner was allowed to continue his cooperation during pretrial release. (See Doc. No. 15: Henderson Hill Affidavit ¶¶ 8, 9, 12.)

Petitioner contends that his counsel, Henderson Hill, should have filed a motion to suppress the statements he made to law enforcement. The Supreme Court explained in Tollett v. Henderson, 411 U.S. 258 (1973), that "a guilty plea represents a break in the chain of events which has preceded the criminal process." As a result, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. However, a guilty plea does not bar collateral review of allegations of ineffective assistance of counsel in so far as the alleged ineffectiveness bears on the voluntariness of the plea. Fields at 1296. Here, Petitioner does not contest the voluntariness of his plea.[1] Therefore, Petitioner's claim is waived pursuant to Tollett.

Further, even if Petitioner's claim were not waived pursuant to Tollett, Petitioner has not established the prejudice prong of the Strickland test in that he does not claim that but for counsel's ineffectiveness, he would not have pleaded guilty and would have insisted on going to trial. Hooper, 845 F,2d at 475; accord Hill v. Lockhart, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

Next, Petitioner contends that his counsel was ineffective for failing to discuss the fact that the gun could be used against him even though the gun count was dismissed.

Counsel's affidavit confirms, in part, Petitioner's claim that Mr. Hill did not specifically

---

[1] Indeed, Petitioner does not seek to repudiate his plea, but to enforce it with a lower sentence. (Petition at 19.)

discuss the impact of the gun charge on his sentence until after he received the PSR. (Doc. No. 15: Hill Aff. ¶ 17.) However, Petitioner's Plea Agreement indicates that all conduct, even dismissed conduct, could be considered by the Court as relevant conduct for sentencing purposes. (Case No. 3:05cr391, Doc. No. 72: Plea Agreement ¶ 3.) Further, the Plea Agreement specifically indicates that the gun would be the basis for an enhancement. Indeed, Petitioner stipulated that he would receive a two-level enhancement pursuant to U.S.S.G. § 2D1.11(b)(1) for possession of a dangerous weapon. (Id. ¶ 7(b).) At his Plea and Rule 11 hearing, Petitioner confirmed that he had read and understood the Plea Agreement. Petitioner cannot establish either prong of the Strickland test and therefore his claim that counsel was ineffective for failing to discuss the impact of the dismissed gun charge on his sentence must fail.

As his next claim, Petitioner contends that his counsel was ineffective for failing to challenge the amount of crack that the PSR attributed to him. Petitioner essentially contends that his counsel should have challenged the amount of drugs attributed to him in the PSR as that amount was based on statements he made to law enforcement around the time his home was searched and his counsel should have moved to suppress those statements. Petitioner argues that if his counsel has successfully moved to suppress those statements, they could not have been considered as relevant conduct.

The Court has already concluded that Petitioner's counsel was not ineffective for failing to move to suppress statements Petitioner made to law enforcement after his house was searched. Further, there was no proffer or non-attribution agreement, as explained with respect to Petitioner's suppression claim, and therefore there was no basis on which to challenge the drug amount. As Petitioner has not established either prong of the Strickland test, his claim that his counsel was

ineffective for failing to challenge the drug amount in the PSR must fail.

Petitioner also claims that his counsel was ineffective for failing to challenge his criminal history reported in the PSR. First, Petitioner contends that with respect to his driving while license revoked conviction and his larceny convictions, he should have received only three points total and not 4 points total because probation on each charge was revoked on the same day and were joined for sentencing purposes. Petitioner is incorrect. The only relevance of the probation is that the probation revocation for each charge merged with the substantive charge under Application Note 11 to section 4A1.2 of the Sentencing Guidelines. The PSR correctly accounted for the probation revocation in its calculations as is required under 4A1.2(k) and Application Note 11.

Next, Petitioner contends that he received 6 points instead of 3 for his October 1992 burglary and larceny charges and his federal May 1995 carjacking charge. He argues that because the federal sentence was allowed to be served concurrent to the state sentence, he should not have received criminal history points for one of them. The state charge merited 3 points under section 4A1.1(a). The federal carjacking charge, although served concurrently with the state charge, was properly counted separately under section 4A1.2(a)(2) because the sentences were unrelated. The sentences did not result from offenses charged in the same indictment and were not imposed on the same day.

Petitioner's criminal history points were properly calculated. Therefore, Petitioner cannot establish either prong of the Strickland test and his ineffective assistance of counsel claim on this basis must fail.[2]

_____

[2] Petitioner seems to contend that Amendment 709 applies to his case. To the extent Petitioner is relying on the November 1, 2007 amendment to criminal history rules, Amendment 709 is not applicable to his calculations as the probation officer did not rely on 4A1.1(f), which was the only subsection of 4A1.1 altered by the amendment.

Finally, Petitioner contends that his counsel was ineffective for failing to challenge the Government's breach of the Plea Agreement. Petitioner contends that his counsel failed to challenge the Government's failure to move for a downward departure below the mandatory minimum based on his substantial assistance. Petitioner is clearly mistaken as to this claim as the Government did move for and was granted a downward departure of 80 months. Furthermore, in his Plea Agreement, Petitioner agreed that such a departure would be in the sole discretion of the United States. (Case No. 3:05cr391. Doc. No. 72: Plea Agreement ¶ 24(a).) Petitioner also expressly waived his right to challenge the United States' exercise of that discretion. Therefore, if his counsel had contested the Government's "failure" in this regard, he would have been in breach of the Plea Agreement. (Id. ¶ 24(d).)

Petitioner has not established either prong of the Strickland test, therefore his claim that his counsel was ineffective for failing to challenge the Government's breach of the plea agreement must fail.

### III. CONCLUSION

The Court has considered the pleadings and documents submitted by the parties and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims.

**IT IS, THEREFORE ORDERED** that:

1.    The Government's Motion for Summary Judgment (Doc. No. 13) is **GRANTED**;

2.    The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED and DISMISSED**.

**SO ORDERED.**

Signed: September 13, 2009

Frank D. Whitney
United States District Judge